UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL A. HILL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| ASSET ACCEPTANCE, LLC, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

# COMPLAINT

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA") in its illegal efforts to collect a consumer debt.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, and Plaintiff resides here.

## PARTIES

4. Plaintiff Michael A. Hill ("Plaintiff") is a natural person who resides in Sevier County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Asset Acceptance, LLC ("Asset Acceptance") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Asset Acceptance has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a credit card debt allegedly originally owed to and/or serviced by Bank of America ("BOA").

7. Asset Acceptance regularly engages in the collection of delinquent consumer debts by sending collection letters, making collection calls, credit reporting, and filing collection lawsuits as the named plaintiff.

8. After the debt became delinquent, Asset Acceptance purchased the debt from BOA or an assignee of BOA for purposes of collection from Plaintiff, and engaged in collection activity by sending collection letters, making collection calls, credit reporting, and hiring the law firm Fulton Friedman & Gullace, L.L.P. ("Fulton") to assist it in collection of the debt from Plaintiff.

*Asset Acceptance's Actual Knowledge Plaintiff Is Represented By An Attorney*

9. On August 23, 2012, Fulton filed a civil summons and sworn affidavit on behalf of Asset Acceptance in state court, and caused the civil summons and sworn affidavit to be served on Plaintiff (collectively the "collection lawsuit"). **Copy filed as exhibit 1 ("Doc. 1-1").**

2

10. The civil summons and sworn affidavit were served in connection with collection of the debt and in an attempt to collect the debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

11. The amounts demanded by Asset Acceptance, in both the civil summons and sworn affidavit was $12,262.57.

12. The initial hearing in the collection lawsuit was set for October 25, 2012.

13. After Plaintiff was served with the collection lawsuit on August 24, 2012, he retained an attorney to represent him with respect to the debt.

14. On February 26, 2013, Plaintiff's attorney filed a sworn denial on his behalf in the state court action, and served a copy on an attorney employed by Fulton, providing an agent of Asset Acceptance, and, therefore, Asset Acceptance, actual knowledge that an attorney represented Plaintiff with respect to the debt. **Copy filed as exhibit 2 ("Doc. 1-2").**

15. After being continued several times, the collection lawsuit was dismissed without prejudice by Asset Acceptance on September 9, 2013. **See Doc. 1-1, p. 1.**

***Communications Directly With Plaintiff With Actual Knowledge of Representation***

16. FDCPA states: [A]fter the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector. 15 U.S.C. § 1692b(6).

17. FDCPA also states: Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

    (2)     if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

    15 U.S.C. § 1692c(a).

18. Despite having actual knowledge that an attorney represented Plaintiff with respect to the debt, Asset Acceptance began communicating directly with Plaintiff in connection with collection of the debt by sending him collection letters and calling his home phone.

### *Collection Letters*

19. On or about November 1, 2014, Asset Acceptance sent a collection letter dated November 1, 2014 to Plaintiff's home address, in connection with collection of the debt. **Copy filed as exhibit 3 ("Doc. 1-3").**

20. The November 1, 2014 collection letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

21. The November 1, 2014 collection letter stated:

ORIGINAL CREDITOR: **BANK OF AMERICA**

|  |  |
|---:|:---|
| Original Creditor Acct #: | XXXXXXXXXXXX8005 |
| Asset Acceptance, LLC Acct #: | 11-3426312 |
| Current Balance: | $15716.24 |
| **DISCOUNTED Settlement Amount:** | **$7072.31** |
| Expiration Date: | **11/26/2014** |

. . .

We would like to help you eliminate this debt with us. Your current balance is $15716.24, but if you pay us $7072.31 by 11/26/2014, we will close your account and consider it paid.

. . .

**TO ACCEPT THIS OFFER YOU ONLY NEED TO TAKE ONE OF THE FOLLOWING ACTIONS:**

- Call Sal Hernandez toll-free at (877) 850-0087 ext. 0 today to discuss the offer details and set up your payment arrangements.

- Go online to aallc.solvemydebt.com using your debit card, credit card or checking account. Your Login ID is your Asset Acceptance, LLC Acct#; 11-3426312. Enter the last 4 digits of your Social Security Number for your password.

- Mail a check or money order made payable to Asset Acceptance, LLC using the remittance coupon below and the enclosed return envelope.

. . .

Please note that the Current Balance was calculated on 10/19/2014 and may vary due to payments and/or accrual of interest after that date.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**"

**Doc. 1-3, p. 1.**

22. On or about December 1, 2014, Asset Acceptance sent a collection letter dated December 1, 2014 to Plaintiff's home address, in connection with collection of the debt. **Copy filed as exhibit 4 ("Doc. 1-4").**

5

23. The December 1, 2014 collection letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

24. The December 1, 2014 collection letter stated:

> ORIGINAL CREDITOR: **BANK OF AMERICA**
>
> Original Creditor Acct #: XXXXXXXXXXX8005
> Asset Acceptance, LLC Acct #: 11-3426312
> Current Balance: $15810.31
> **DISCOUNTED Settlement Amount:** **$7114.64**
> Expiration Date: **12/30/2014**
>
> . . .
> We would like to help you eliminate this debt with us. Your current balance is $15810.31, but if you pay us $7114.64 by 12/30/2014, we will close your account and consider it paid.
> . . .
> **TO ACCEPT THIS OFFER YOU ONLY NEED TO TAKE ONE OF THE FOLLOWING ACTIONS:**
>
> - Call Sal Hernandez toll-free at (877) 850-0087 ext. 0 today to discuss the offer details and set up your payment arrangements.
>
> - Go online to aallc.solvemydebt.com using your debit card, credit card or checking account. Your Login ID is your Asset Acceptance, LLC Acct#; 11-3426312. Enter the last 4 digits of your Social Security Number for your password.
>
> - Mail a check or money order made payable to Asset Acceptance, LLC using the remittance coupon below and the enclosed return envelope.
>
> . . .
> Please note that the Current Balance was calculated on 11/18/2014 and may vary due to payments and/or accrual of interest after that date.
>
> **This is an attempt to collect a debt and any information obtained will be used for that purpose.**"

**Doc. 1-4, p. 1.**

25. On or about January 2, 2015, Asset Acceptance sent an undated collection letter to Plaintiff's home address, in connection with collection of the debt. **Copy filed as exhibit 5 ("Doc. 1-5").**

26. The undated collection letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. The undated collection letter stated:

**DISCOUNTED OFFER FOR:**
**Michael A. Hill**

| | |
|---|---|
| **ORIGINAL CREDITOR:** | **BANK OF AMERICA** |
| Original Creditor Acct #: | XXXXXXXXXXXX8005 |
| Asset Acceptance, LLC Acct #: | 11-3426312 |
| Current Balance: | $15,911.10 |
| Percentage Off: | 55% |
| **DISCOUNTED Offer Amount:** | **$7,159.99** |
| That's a Savings Of: | $8,751.11 |

**TO ACCEPT THIS OFFER:**

Call Sal Hernandez toll-free at (877) 850-0087 ext. 0 today to discuss the offer details and set up your payment arrangement.

Pay on **aallc.solvemydebt.com** using your debit card, credit card or checking account. **Your Login ID** is your account number, 11-3426312. **Your password** is the last four digits of your Social Security Number.

Mail a check or money order made payable to Asset Acceptance, LLC for the Discounted Offer Amount using the remittance coupon below and the enclosed return envelope.
. . .
Please note that the Current Balance was calculated on 12/17/2014 and may vary due to payments and/or accrual of interest after that date.

> This is an attempt to collect a debt and any information obtained will be used for that purpose."

**Doc. 1-5, p. 1.**

28. On or about February 2, 2015, Asset Acceptance sent an undated collection letter to Plaintiff's home address, in connection with collection of the debt. **Copy filed as exhibit 6 ("Doc. 1-6").**

29. The undated collection letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. The undated collection letter stated:

**DISCOUNTED OFFER FOR:**
**Michael A. Hill**

| | |
|---|---|
| **ORIGINAL CREDITOR:** | **BANK OF AMERICA** |
| Original Creditor Acct #: | XXXXXXXXXXX8005 |
| Asset Acceptance, LLC Acct #: | 11-3426312 |
| Current Balance: | $16,005.97 |
| Percentage Off: | 60% |
| **DISCOUNTED Offer Amount:** | **$6,402.07** |
| That's a Savings Of: | $9,603.10 |

**TO ACCEPT THIS OFFER:**

Call Sal Hernandez toll-free at (877) 850-0087 ext. 0 today to discuss the offer details and set up your payment arrangement.

Pay on **aallc.solvemydebt.com** using your debit card, credit card or checking account. **Your Login ID** is your account number, 11-3426312. **Your password** is the last four digits of your Social Security Number.

Mail a check or money order made payable to Asset Acceptance, LLC for the Discounted Offer Amount using the remittance coupon below and the enclosed return envelope.

> . . .
> Please note that the Current Balance was calculated on 01/16/2014 [sic] and may vary due to payments and/or accrual of interest after that date.
> . . .
> This is an attempt to collect a debt and any information obtained will be used for that purpose."

**Doc. 1-6, p. 1.**

(Bold and capital letters in original letters)

### *Collection Calls*

31. Additionally, despite Asset Acceptance having actual knowledge that an attorney represented Plaintiff with respect to the debt, on January 14, 2015, Plaintiff started receiving phone calls from Asset Acceptance on his home telephone.

32. Each of the collection calls showed up on Plaintiff's caller ID as:

    TOLL FREE CALLER

    800-545-9931

33. Telephone number 800-545-9931 is a telephone number owned by or has been assigned to Asset Acceptance and is used by its employees to communicate with consumers in connection with collection of debts.

34. Plaintiff received at least two dozen collection calls from Asset Acceptance in a little over two weeks, from January 14, 2015 to January 31, 2015.

35. Besides one call, discussed more in detail below, the collection calls were received every weekday during this period, sometimes twice day, and once, three times in the same day, as shown below:

**DATES/TIMES**

January 14, 2015    6:37 p.m.

January 15, 2015    4:17 p.m.

January 16, 2015    9:14 a.m., 5:12 p.m.

January 19, 2015    9:41 a.m., 5:41 p.m.

January 20, 2015    12:26 p.m., 5:24 p.m.

January 21, 2015    10:31 a.m., 2:58 p.m.

January 22, 2015    9:59 a.m., 2:49 p.m., 6:32 p.m.

January 23, 2015    10:20 a.m., 2:24 p.m.

January 26, 2015    9:26 a.m., 6:11 p.m.

January 27, 2015    9:31 a.m., 4:41 p.m.

January 28, 2015    10:25 a.m., 5:42 p.m.

January 29, 2015    5:11 p.m.

January 30, 2015    2:53 p.m.

36. Most of the collection calls were made while Plaintiff and his wife were not at home or otherwise unable to answer.

37. On Saturday, January 31, 2015, at approximately 9:18 a.m., Plaintiff received another collection call from Asset Acceptance.

38. After Plaintiff's wife answered the telephone and asked who was calling, the caller stated "Jewel Gibson" and that she wished to speak with Plaintiff.

39. After his wife handed him the telephone, Ms. Gibson told Plaintiff the call was being monitored or recorded and that she needed to "speak with Michael Hill".

40. After Plaintiff identified himself, Ms. Gibson stated she was with Asset Acceptance and she was calling about a Bank of America account that had a current balance of $16,058.92, and they were sending out a letter for February that offered a 60% discount, and asked Plaintiff if he would be able to pay $6,402.07.

41. Plaintiff replied an attorney represented him regarding this debt, and even though Asset Acceptance had been notified of this representation, it continued to call him.

42. Ms. Gibson replied that her records did not show Plaintiff had an attorney and after Plaintiff provided information about his attorney that Asset Acceptance already possessed, he requested Ms. Gibson's name and extension number.

43. After Ms. Gibson provided her name and extension number (#67547), Plaintiff reminded her that he had an attorney and despite Asset Acceptance had been notified of this representation much earlier, still continued to call him.

44. Each of Asset Acceptance's collection letters sent and collection calls made during the past year is a "communication" as defined by 15 U.S.C. § 1692a(2).

45. Prior to Asset Acceptance sending the collection letters and making the collection calls, Asset Acceptance failed to contact Plaintiff's attorney to inquire about his continued representation of Plaintiff with respect to the debt or provide him an opportunity to respond within a reasonable period of time to an Asset Acceptance communication regarding his continued representation.

46. Prior to Asset Acceptance sending the collection letters and making the collection calls, Plaintiff's attorney never consented to direct communication with Plaintiff by Asset Acceptance in connection with collection of the debt.

47. By communicating with Plaintiff in connection with the collection of the debt in the form of collection letters and collection calls when it had actual knowledge Plaintiff was represented by an attorney with respect to the debt, Asset Acceptance violated 15 U.S.C. §§ 1692b(6) and 1692c(a)(2).

### *Attempting To Collect Interest and/or Fees Waived By Original Creditor*

48. Under federal banking regulations, a credit card debt must be charged off when it is 180 days overdue (it may be charged off earlier). Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903 (June 12, 2000).

49. Charge off means that a credit card receivable is no longer carried on a bank's books as an asset.

50. On information and belief, BOA charged off the debt in March 2010 and intentionally did not charge interest after charge off.

51. On information and belief, the standard form credit card agreements used by BOA provides that it may change the terms of the agreement from time to time, and that changes beneficial to the consumer such as a reduction in or waiver of interest may be effected immediately and without notice.

52. On information and belief, as a standard Practice, and for a variety of sound business reasons, BOA waives interest and/or fees on credit card debts after charge off for as long as it holds the debt.

53. On information and belief, in accordance with standard business Practices, BOA waived interest and fees on Plaintiff's credit card debt, after charge off.

54. If BOA waived the right to add interest and/or fees post charge off, Asset Acceptance acquired the debt subject to that waiver.

55. On information and belief, the amount of the debt Asset Acceptance allegedly purchased from BOA did not include post charge off interest and/or fees.

56. On information and belief, Asset Acceptance paid a price for the alleged debt it allegedly purchased based on the charge off balance stated by BOA.

57. On information and belief, it is Asset Acceptance's standard practice, after paying a price based on an amount that does not include post charge off interest and/or fees, to demand post charge off interest and/or fees that would not have been charged by the original creditor as part of its collection efforts.

58. By adding interest and/or fees to the amount allegedly purchased from BOA that had not been added by BOA after charge off, Asset Acceptance violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, and 1692f(1).

59. Further, Asset Acceptance engaged in a false and deceptive collection practice (contrary to 15 U.S.C. §1692e) and an unfair debt collection Practice (contrary to 15 U.S.C. §1692f), for adding unauthorized interest and/or fees to the alleged debt.

60. On information and belief, in addition to the decision by BOA to waive collection of any interest after charge off, BOA did not make any effort to comply with the prerequisite to charge interest under the Truth in Lending Act.

61. 12 CFR § 226.5(b)(2)(i) of Regulation Z, which implements the TILA, provides:

> Statement required. The creditor shall mail or deliver a periodic statement as required by § 226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed. A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account, or if furnishing the statement would violate federal law.

62. On information and belief, BOA did not send periodic statements after it charged off the debt allegedly assigned to Asset Acceptance.

63. BOA is not allowed to charge interest if it did not provide a periodic statement.

64. BOA's decision to not send any periodic statements after charge off also demonstrates an implied waiver to charge any additional interest.

65. Asset Acceptance, as an assignee of the debt, has no greater rights than BOA, and, therefore, had no right to assess additional interest after charge off.

*Credit Reporting*

66. Under the Truth in Lending Act, a creditor is required to send periodic statements to the consumer. See 12 CFR § 226.5(b)(2)(i).

67. The periodic statement is integral to the protections afforded to consumers under the Truth in Lending Act as it permits a consumer to object amounts claimed by a creditor as set forth on periodic statements. 15 U.S.C. § 1666.

68. If a consumer objects to the charges on a periodic statement, the creditor is prohibited from adversely reporting the disputed amounts. 15 U.S.C. § 1666a.

69. By failing to provide periodic statements, BOA denied Plaintiff the right to dispute amounts claimed as interest after the account was charged off.

70. Experian and TransUnion are each a consumer credit reporting agency as defined by 15 U.S.C. § 1681a(f).

71. Plaintiff obtained a copy of his Experian credit report dated January 26, 2015, which showed that Bank of America communicated to Experian it charged off the debt in the amount of $12,262.00 in March 2010. **Copy of Experian credit report information filed as exhibit 7 ("Doc. 1-7"), p. 3.**

72. The Experian credit report information also showed that Asset Acceptance has been communicating information regarding the debt to Experian since February 2012, including that the original amount of the debt was $12,262.00, which amount had increased to $15,968.00 as of January 2015. **[Doc. 1-7, pp. 2-3].**

73. Plaintiff obtained a copy of his TransUnion credit report dated January 26, 2015, which showed that Bank of America communicated to TransUnion it charged off the debt in the amount of $12,262.00 in March 2010. **Copy of TransUnion credit report information filed as exhibit 8 ("Doc. 1-8"), p. 2.**

74. The TransUnion credit report also showed that Asset Acceptance communicated to TransUnion that the debt was placed for collection on December 28, 2011, the original amount of the debt was $12,262.00, and the balance as of January 5, 2015 was $15,968.00. **[Doc. 1-8, p. 3].**

75. Asset Acceptance's reporting of the alleged debt to Experian and TransUnion is a "communication" as defined by 15 U.S.C. § 1692a(2).

76. By communicating to Experian and TransUnion that Plaintiff owed an amount greater than BOA charged off, and which includes post charge off interest, Asset Acceptance violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(8), 1692e(10), 1692f and 1692f(1).

### *Collection Letters and January 31, 2015 Collection Call Amounts*

77. Amounts in the collection letters **[Docs. 1-3, 1-4, 1-5, 1-6]** and Ms. Gibson's January 31, 2015 collection call [$16,058.92] were also false and misleading communications that Plaintiff owed an amount greater than what BOA charged off, and included post charge off interest.

78. The collection letters falsely represented that the "Current Balance . . . may vary due to . . . [the] accrual of interest"; language that enhances the falsity of the representation that interest continues to accrue when Asset Acceptance knew BOA had waived any claim to further interest after charge off and that BOA did not send any periodic statements to be entitled to collect post charge off interest.

79. The addition of amounts for interest not legally due was material because Asset Acceptance made offers to settle the account for a percentage of the total amount claimed to be owed, and by including interest not legally due, Asset Acceptance was seeking a greater percentage of the debt alleged owed than represented in its' collection letters and collection call.

80. The increase in balance as stated in the collection letters, collection call and credit reports is indicative that post charge off interest was being added to the account despite not being sought or alleged to exist in the collection lawsuit.

81. The fact that Asset Acceptance only showed the charge off balance as due when it filed the collection lawsuit, when no payments had been made on the account, is indicative of Asset Acceptance's false and misleading representations in the collection letters and collection call of the actual amount legally owed, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f and 1692f(1).

82. Plaintiff asserts that the constantly changing balances asserted by Asset Acceptance is an attempt to keep him confused and misled as to the amount owed so that if he were to make payments on the account, he would never know the actual amount owed and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by him.

83. By requesting different amounts in the various communications, Asset Acceptance made conflicting statements as to the amount owed that would be confusing to the least sophisticated consumer as to how much is legally owed and resulted in Asset Acceptance making false representations (a) of the character, amount, or legal

status of any debt, and (b) of the compensation which may be lawfully received by any debt collector for the collection of any debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(2)(B).

*Summary*

84. Asset Acceptance's above-detailed conduct in connection with collection of the debt and in an attempt to collect the debt was in violation of multiple FDCPA provisions, including the ones cited above.

### TRIAL BY JURY

85. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNTS I-IX.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692b(6), 1692c(a)(2), 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(8), 1692e(10), 1692f, and 1692f(1)**

86. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

87. The foregoing acts and omissions of Asset Acceptance constitutes numerous and multiple FDCPA violations, including, but not limited to each and every one of the above-cited provisions.

88. As a result of Asset Acceptance's FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at

trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Asset Acceptance.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Asset Acceptance:

### COUNTS I-IX.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692b(6), 1692c(2)(A), 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(8), 1692e(10), 1692f, and 1692f(1)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Asset Acceptance and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Asset Acceptance, and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Asset Acceptance and for Plaintiff; and

- for such other and further relief as may be just and proper.

03/31/15                              Respectfully submitted,

**MICHAEL A. HILL**

s/      Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, Plaintiff Michael A. Hill, states as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: February 28, 2015.

By: _____
    Michael A. Hill